**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00328-CR**

———————————

**NACHIELI ZEPEDA-GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1563064**

## MEMORANDUM OPINION

Appellant Nachieli Zepeda-Garcia pleaded guilty to the felony offense of assault. *See* TEX. PENAL CODE § 22.01. In accordance with the terms of a plea-bargain agreement, the trial court signed a judgment of conviction imposing a two-year prison sentence. Appellant filed a notice of appeal.

In a plea bargain case, a defendant may appeal only (1) matters raised by a written motion filed and ruled upon before trial or (2) after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Here, neither applies.

The trial court's certification states that this is a plea bargain case and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports this conclusion. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Accordingly, we dismiss. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

We dismiss the appeal. We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.
Do not publish. TEX. R. APP. P. 47.2(b).